## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

     Petitioner,

vs.                                                            No. CIV 20-0358 JB-JFR

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Toll (1) Year Time

Limit to File [28 U.S.C. §] 2254 Habeas Appeal for D-1333-CR-2012-184, filed April 20, 2020

(Doc. 1)("Motion").   Plaintiff Bryce Franklin seeks to challenge his state murder convictions and

asks the Court to toll 28 U.S.C. § 2244's one-year habeas limitation period.   The Honorable John

Robbenhaar, United States Magistrate Judge for the United States District Court for the District of

New Mexico, previously explained that the Motion may not be viable, as the habeas claims appear

to be time barred.   See Memorandum Opinion and Order, filed September 20, 2020 (Doc.

5)("Screening MOO").   Franklin had an opportunity either to prosecute his habeas claims and to

try to establish grounds for tolling, or, alternatively, withdraw any habeas claims so that the Motion

does not count as his first habeas proceeding.   See Screening MOO at 8.   Because Franklin has

not timely responded to Magistrate Judge Robbenharr's Screening MOO, the Court will deny the

Motion and dismiss this matter without prejudice to refiling.

## BACKGROUND

The Court cites the following background information from the Motion, see Motion at 1-

3, and Franklin's state court criminal docket (Case No. D-1333-CR-2012-184), which is subject to judicial notice.   See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(stating that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 Fed. App'x 792, 794 (10th Cir. 2016) (concluding that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").[1]

Franklin is incarcerated in the Guadalupe County Correctional Facility in Santa Rosa, New Mexico.   See Motion at 4.   He initiated this case by filing the Motion on April 20, 2020.   See Motion at 1.   In the Motion, Franklin seeks to toll the one-year limitation period applicable to a federal 28 U.S.C. § 2254 habeas petition.   See Motion at 1.   Franklin intends to challenge his state murder convictions in Case No. D-1333-CR-2012-184 based on ineffective assistance of counsel; "inherent improbab[ility];" and discovery violations.   Motion at 1-2.   See State of New Mexico v. Franklin, 13th Judicial District Court, Case No. D-1333-CR-2012-184, State of New

---

[1]  Mitchell v. Dowling is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent . . .   And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Tenth Circuit concludes that Mitchell v. Dowling has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Mexico, County of Cibola.  It appears that Franklin seeks additional time to file his formal 28 U.S.C. § 2254 habeas petition because of COVID-19 restrictions in his prison and hopes that any formal § 2254 petition will relate back to the April 20, 2020 filing date.  See Motion at 1-2.

The Court referred the matter to Magistrate Judge Robbenhaar for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases entered April 21, 2020 (Doc. 2).  On September 20, 2020, Magistrate Judge Robbenhaar issued a Screening MOO.  See Screening MOO at 1.  The Screening MOO set out the state court timeline; explained the statute of limitations, in light of Franklin's request for tolling; and fixed a deadline for Franklin to pursue habeas relief in this case.  See Screening MOO at 1-8; Castro v. U.S., 540 U.S. 375, 382 (2003) ("[A] district court may not recharacterize a pro se litigant's motion as a request for [habeas] relief …—unless the court first warns the pro se litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion.").

The state court docket reflects that in 2015, a jury convicted Franklin of first-degree murder, tampering with evidence, and unlawful use an ATM card.  See Verdicts entered September 3, 2015 in State of New Mexico v. Franklin, Thirteenth Judicial District Court, County of Cibola, State of New Mexico, Case No. D-1333-CR-2012-184.  The state court sentenced Franklin to life imprisonment with the possibility of parole after 30 years.  See Verdicts entered September 3, 2015 in State of New Mexico v. Franklin, Thirteenth Judicial District Court, County of Cibola, State of New Mexico, Case No. D-1333-CR-2012-184.  The state court entered Judgment on the conviction and sentence on August 24, 2015.  See Judgment/Order entered August 24, 2015 in State of New Mexico v. Franklin, Thirteenth Judicial District Court, County

of Cibola, State of New Mexico, Case No. D-1333-CR-2012-184.

Based on the life sentence, Franklin filed a direct, capital appeal with the New Mexico Supreme Court (NMSC).   See Case No. S-1-SC-35577, Statement of Issues filed in the Supreme Court of the State of New Mexico on October 29, 2015.   The NMSC affirmed the conviction and sentence on October 19, 2017.   See Case No. S-1-SC-35577 Decision: Affirm filed in the Supreme Court of the State of New Mexico on October 19, 2017.   The state dockets reflect Franklin did not seek certiorari review with the Supreme Court of the United States ("SCOTUS"). See Case No. D-1333-CR-2012-184, Docket Sheet in State of New Mexico v. Franklin, Case No. S-1-SC-35577, Docket Sheet in Supreme Court of the State of New Mexico.   Franklin's conviction therefore became final no later than January 18, 2018, i.e., the first business day after expiration of the ninety-day federal certiorari period.   See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(concluding that where the defendant fails to seek certiorari review following an unsuccessful direct appeal, the conviction becomes final after the ninety-day SCOTUS certiorari period has passed).

The state docket reflects there was no substantive activity in the state criminal case for the next 288 days.   See Case No. D-1333-CR-2012-184, Docket Sheet State of New Mexico v. Franklin.   On November 2, 2018, Franklin filed motions seeking a new trial and discovery.   See Case No. D-1333-CR-2012-184, Docket Sheet State of New Mexico v. Franklin; Motion for Leave to Conduct Discovery, filed November 2, 2018, and Motion for a New Trial Based on Newly Discovered evidence filed November 2, 2018 in Case No. D-1333-CR-2012-184, State of New Mexico v. Franklin.   As the Screening MOO explains, however, those motions do not toll the one-year habeas limitation period.   The Screening MOO state:

The Tenth Circuit has repeatedly found that a state motion seeking discovery does not trigger tolling for purposes of federal habeas review.  See Woodward v. Cline, 693 F.3d 1289, 1292–1294 (10th Cir. 2012)(addressing motion seeking DNA discovery); Levering v. Dowling, 721 Fed. App'x 783, 787 (10th Cir. 2018)(motion for transcripts and exhibits); Mason v. Watts, 590 Fed. App'x 767, 769 (10th Cir. 2014)(motion seeking court documents).

As to the motion for a new trial, § 2244(d)(2) only tolls the one-year period during the pendency of a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including timeliness."  Garza v. Wyoming State Penitentiary Warden, 528 Fed. App'x 910, 912 (10th Cir. 2013)(emphasis in original) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).  See also Habteselassie v. Novak, 209 F.3d 1208, 1211 (10th Cir. 2000)("We believe that 'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. . . . [Federal] district courts should not inquire into its merits.").

NMRA 5-614(C) provides that a motion for new trial based on newly discovered evidence must be "made only before final judgment, or within two (2) years thereafter, but if an appeal is pending the court may grant the motion only on remand of the case."  New Mexico case law confirms that the two-year period runs from the date of entry of the criminal judgment.  See State v. Aguilar, 451 P.3d 550, 555 (N.M. 2019) ("[A motion for new trial based on newly discovered evidence . . . may be filed within two years after the trial under Rule 5-614(C)"); State v. Moreland, 157 P.3d 728, 732 (N.M. App.), aff'd, 185 P.3d 363 (N.M. 2008) (for purposes of Rule 5-614(C), final judgment means the date the sentence is imposed, rather than the date of the verdict); State v. Casillas, 2011 WL 5041190, at *1 (N.M. Ct. App. July 6, 2011) (rejecting "argument that the [newly discovered] evidence was not discoverable within two years of the judgment").  The state court entered Franklin's criminal judgment on August 24, 2015, and he filed the Rule 5-614(C) motion for a new trial over three years later, on November 2, 2018.  Accordingly, such motion was not "properly filed" for purposes of § 2244(d)(2) and did not toll the one-year federal habeas period.

Screening MOO at 4-5.

The Screening MOO concludes that, because there was no other tolling activity within one year after the Judgment became final on January 18, 2018, it appears that the habeas statute of limitations expired one year later, on January 18, 2019.  See Screening MOO at 6.  Franklin filed the Motion after that deadline, on April 20, 2020.  See Motion at 1.  Based on this timeline, the

Screening MOO sets out two options for Franklin.  See Screening MOO at 7-8.  Franklin is entitled to dismiss this action without prejudice, or alternatively, pursue his § 2254 claims and address the time-bar.  See Screening MOO at 7.  The Screening MOO states that, if Franklin wishes to pursue § 2254 relief now, he must: (i) file his claims on the proper § 2254 form; and (i) show cause why the habeas claims are not time-barred.  See Screening MOO at 7.  The Clerk's Office mailed Franklin a form § 2254 petition, if he wishes to prosecute habeas claims in this proceeding.  See Screening MOO at 7.  The Screening MOO further states:

> If Franklin does not wish to prosecute his § 2254 claims right now, he may simply decline to respond to this Order.  The failure to timely comply with the above directives (file the proper form and include a show-cause response addressing timeliness) may result in dismissal of this action without further notice.

Screening MOO at 7.

The Screening MOO also clarifies that, if Franklin elects not to pursue habeas relief in this action, the Motion will not count as his "first" § 2254 habeas action.  Screening MOO at 7.  This distinction is important, because, if the Motion counts as Franklin's first § 2254 action, the Court lacks jurisdiction to consider any successive habeas claims without authorization from the United States Court of Appeals for the Tenth Circuit.  See 28 U.S.C. § 2244(b)(3)(A).

The deadline to file a form § 2254 petition, if Franklin is inclined to pursue habeas relief, is October 20, 2020.  Franklin has not complied or otherwise responded to the Screening MOO.

## LAW REGARDING WARNINGS UNDER CASTRO V. United States

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).   The Antiterrorism and Effective Death Penalty Act's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.   One such limitation is the jurisdiction bar applicable to second or successive habeas petitions.   The district court automatically has jurisdiction over a defendant's first § 2254 proceeding.   See 28 U.S.C. §§ 2254; 2244(a).   Absent the Court of Appeals' prior authorization, however, district courts lack jurisdiction to consider second or successive § 2254 claims.   See 28 U.S.C. § 2244(b)(3); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization.")(quotations omitted).

In light of these limitations, the Supreme Court of the United States established a special procedure for situations where, as here, the petitioner wishes to challenge his state convictions, but does file a formal 28 U.S.C. § 2254 habeas petition.   See Castro v. United States, 540 U.S. 375, 382 (2003).   Before "recharacteriz[ing] a *pro se* litigant's motion as a request for relief under [§ 2254]," the Court must "warn[ ] [him] about the consequences of the recharacterization."   Castro v. United States, 540 U.S. at 382.   This procedure is known as a "Castro warning," or "Castro notice."   Castro v. United States, 540 U.S. at 383.   The Court must notify a petitioner that he is using his "first" § 2254 habeas motion, and "any subsequent [§ 2254] motions will be subject to the restrictions on 'second or successive' filings."   Castro v. United States, 540 U.S. at 382.   The court must also give the "litigant an opportunity to withdraw the motion or to amend it so that it contains all the [habeas] claims he believes he has."   Castro v. United States, 540 U.S. at 383.

## LAW REGARDING DISMISSAL WITHOUT PREJUDICE

- 7 -

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."   Fed. R. Civ. P. 41(b).   See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."   See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).   "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."   Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."   Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2007).   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy – the death penalty of pleading punishments – [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.   Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant;

whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d at 1162 (internal quotations omitted).

## ANALYSIS

In his Motion, filed April 20, 2020, Franklin seeks the toll the one-year habeas limitation. <u>See</u> Motion at 1-2.  It appears that Franklin filed the Motion as a placeholder while he prepared his formal habeas petition in the hopes that his § 2254 claims would relate back to April 20, 2020. Consistent with <u>Castro v. United States</u>, Magistrate Judge Robbenhaar warned Franklin that it appears any § 2254 claims are time-barred.  <u>See</u> Screening MOO at 1-7.  Magistrate Judge Robbenhaar also has given Franklin an opportunity to file a § 2254 petition that includes all the claims he has and to address the time-bar, or alternatively, take no action so that the case may be dismissed without prejudice.   In light of Franklin's decision to take no action in response to the Screening MOO, and because he has had over six months from case opening to file a formal § 2254 petition, the Court will deny the Motion and dismiss this matter without prejudice.  The dismissal will be without prejudice, after considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>.   Moreover, this action will not count as Franklin's "first" § 2254 habeas proceeding for purposes of 28 U.S.C. § 2244.

**IT IS ORDERED** that: (i) the Petitioner's Motion to Toll (1) Year Time Limit to File [28 U.S.C. §] 2254 Habeas Appeal for D-1333-CR-2012-184, filed April 20, 2020 (Doc. 1), is denied; (ii) this civil action is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

- 9 -

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Bryce Franklin
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

   *Pro se petitioner*