IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

     Petitioner,

vs.                                             No. CIV 20-0358 JB/JFR

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Motion to Stay Proceedings, filed November 3, 2020 (Doc. 8)("Motion to Stay").   The Court discerns that the Plaintiff, Bryce Franklin, seeks relief from the Court's Memorandum Opinion and Order, 2020 WL 6315295, filed October 28, 2020 (Doc. 6)("Dismissal MOO"), which dismissed his 28 U.S.C. § 2254 habeas action without prejudice.   Because Franklin fails to demonstrate grounds for reconsideration, the Court will deny the Motion to Stay.

## PROCEDURAL BACKGROUND

Franklin, a state inmate, initiated this case on April 20, 2020 by filing a pro se Motion to Toll (1) Year Time Limit to File [28 U.S.C. §] 2254 Habeas Appeal for D-1333-CR-2012-184 (Doc. 1)("Motion to Toll").   In the Motion to Toll, Franklin seeks to toll the one-year limitation period applicable to a federal 28 U.S.C. § 2254 habeas petition.   Motion to Toll at 1.   Franklin wishes to challenge his State murder convictions in Case No. D-1333-CR-2012-184 based on ineffective assistance of counsel; "inherent improbab[ility];" and discovery violations.   Motion to Toll at 1-2.   Franklin sought additional time to file his formal 28 U.S.C. § 2254 habeas petition because of COVID-19 restrictions in his prison.   See Motion to Toll at 1-2.

The Court referred the matter to the Honorable John Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, filed April 21, 2020 (Doc. 2).   On September 20, 2020, Magistrate Judge Robbenhaar issued a Memorandum Opinion and Order screening the Motion.   See Memorandum Opinion and Order, filed September 20, 2020 (Doc. 5)("Screening MOO").   The Screening MOO explains that the one-year habeas limitation appears to have expired on January 18, 2019.   See Screening MOO at 6.   The Screening MOO further explains that Franklin must establish grounds for tolling, if he wishes to prosecute a § 2254 action on the merits.   See Screening MOO at 6-7.

Based on this procedural posture, the Screening MOO sets out two options for Franklin. See Screening MOO at 7-8.   Franklin could voluntarily dismiss this action without prejudice, or alternatively, pursue his § 2254 claims and address the time-bar.   See Screening MOO at 7.   The Screening MOO states that, if Franklin wishes to pursue § 2254 relief in this action, he must: (i) file his claims on the proper § 2254 form; and (ii) show cause for why the habeas claims are not time-barred.   See Screening MOO at 7.   The Screening MOO further states:

> If Franklin does not wish to pursue his § 2254 claims right now, he may simply decline to respond to this Order.   The failure to timely comply with the above directives (file the proper form and include a show-cause response addressing timeliness) may result in dismissal of this action without further notice.

Screening MOO at 7 (emphasis in original).

The deadline to file a form § 2254 petition and address the time-bar was October 20, 2020. Franklin did not comply or otherwise respond to the Screening MOO.   On October 28, 2020, the Court entered the Dismissal MOO along with a Final Judgment.   See Dismissal MOO at 1, 2020 WL 6315295, at *1; Final Judgment entered October 28, 2020 (Doc. 7).   The Dismissal MOO explains:

In his Motion, filed April 20, 2020, Franklin seeks to toll the one-year habeas limitation.   See Motion at 1-2.   It appears that Franklin filed the Motion as a placeholder while he prepared his formal habeas petition in the hopes that his § 2254 claims would relate back to April 20, 2020.   Consistent with Castro v. United States, Magistrate Judge Robbenhaar warned Franklin that it appears any § 2254 claims are time-barred.   See Screening MOO at 1-7.   Magistrate Judge Robbenhaar also has given Franklin an opportunity to file a § 2254 petition that includes all the claims he has and to address the time-bar, or alternatively, take no action so that the case may be dismissed without prejudice.   In light of Franklin's decision to take no action in response to the Screening MOO, and because he has had over six months from case opening to file a formal § 2254 petition, the Court will deny the Motion and dismiss this matter without prejudice.   The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center.   Moreover, this action will not count as Franklin's "first" § 2254 habeas proceeding for purposes of 28 U.S.C. § 2244.

Dismissal MOO at 9, 2020 WL 6315295, at *5.[1]

The following week, on November 3, 2020, Franklin filed the Motion to Stay.   Franklin states: (i) he received the Screening Ruling on October 27, 2020; (ii) he filed a state habeas proceeding on October 6, 2020, challenging the same conviction; and (iii) he would like to stay this closed case until the State petition is resolved, to avoid restrictions on second/successive habeas claims.   See Motion to Stay at 1.   Because Franklin filed the Motion to Stay after entry of the Dismissal MOO, the Court will consider whether there are grounds to reopen the case.

## ANALYSIS

A post-judgment motion filed within twenty-eight days of its entry is generally analyzed under rule 59(e) of the Federal Rules of Civil Procedure.   See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

---

[1]The Court incorporates the entire Dismissal MOO into this ruling by reference.

injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).   A district court has considerable discretion in deciding whether to disturb a judgment under rule 59(e).   See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Franklin does not rely on new evidence or law, nor has he identified any error or injustice. While Franklin received the Screening MOO late, he still did not comply or acknowledge the time-bar once he obtained the Screening MOO, preferring instead to focus on another state habeas petition.   Moreover, Franklin seeks to reopen and then stay this case to avoid any restrictions on a second/successive habeas claim.   See 28 U.S.C. § 2244 (providing that district courts have jurisdiction over the first habeas action challenging a conviction, but petitioners must obtain permission from the Court of Appeals before filing a second/successive habeas claim).   Such relief is unnecessary, because the Court has not adjudicated the merits of Franklin's claims, and the Dismissal MOO explicitly concludes that this "action will not count as Franklin's 'first' § 2254 habeas proceeding for purposes of 28 U.S.C. § 2244."   Dismissal MOO at 9, 2020 WL 6315295, at *5.   Franklin may file another federal § 2254 action when the state proceeding is complete, and he will be in the same position as when he initiated this case, i.e., he will have to demonstrate grounds for tolling or the matter will be dismissed.   Accordingly, the Court sees no sound grounds for reconsideration and will deny the Motion to Stay.

IT IS ORDERED that Petitioner Bryce Franklin's Motion to Stay Proceedings, filed November 3, 2020 (Doc. 8), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Bryce Franklin
Santa Rosa, New Mexico

     *Pro se petitioner*